**[J-59A-2022 and J-59B-2022] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| THE BERT COMPANY D/B/A NORTHWEST INSURANCE SERVICES | : | No. 13 WAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court entered May 5, 2021 |
| v. | : | at No. 817 WDA 2019, affirming the |
| | : | Judgment of the Court of Common |
| | : | Pleas of Warren/Forest County |
| MATTHEW TURK, WILLIAM COLLINS, | : | entered June 3, 2019 at No. AD 260 |
| JAMIE HEYNES, DAVID MCDONNELL, | : | of 2017. |
| FIRST NATIONAL INSURANCE AGENCY, | : | |
| LLC, FIRST NATIONAL BANK, AND FNB | : | ARGUED:  October 25, 2022 |
| CORPORATION | : | |
| | : | |
| | : | |
| APPEAL OF: MATTHEW TURK, FIRST | : | |
| NATIONAL INSURANCE AGENCY, LLC, | : | |
| FIRST NATIONAL BANK, AND FNB | : | |
| CORPORATION | : | |

| | | |
|---|---|---|
| THE BERT COMPANY D/B/A NORTHWEST INSURANCE SERVICES | : | No. 14 WAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court entered May 5, 2021 |
| v. | : | at No. 975 WDA 2019, dismissing as |
| | : | moot the cross-appeal from the |
| | : | Judgment of the Court of Common |
| MATTHEW TURK, WILLIAM COLLINS, | : | Pleas of Warren/Forest County |
| JAMIE HEYNES, DAVID MCDONNELL, | : | entered June 3, 2019 at No. AD 260 |
| FIRST NATIONAL INSURANCE AGENCY, | : | of 2017. |
| LLC, FIRST NATIONAL BANK AND FNB | : | |
| CORPORATION | : | ARGUED:  October 25, 2022 |
| | : | |
| | : | |
| MATTHEW TURK | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

THE BERT COMPANY, NORTHWEST       :
BANK, AND NORTHWEST BANCSHARES,   :
INC.                              :
                                  :
                                  :
                                  :
APPEAL OF: MATTHEW TURK, FIRST    :
NATIONAL INSURANCE AGENCY, LLC,   :
FIRST NATIONAL BANK, AND FNB      :
CORPORATION                       :

**<u>CONCURRING OPINION</u>**

**JUSTICE MUNDY**                                    **DECIDED: JULY 19, 2023**

The Majority holds that the constitutional permissible ratio of punitive to compensatory damages in cases with multiple joint and several liable tortfeasors – where compensatory damages are awarded in a lump sum against all defendants while punitive damages are awarded on an individual basis – should be calculated on a per defendant basis. I agree that this is an acceptable basis to calculate the punitive to compensatory damages ratio in the case currently before the Court.[1] As the Supreme Court has consistently refused to create strict mechanical tests in determining the constitutionality of punitive damages awards, however, I would hold open the possibility that other approaches to calculating the ratio would also be constitutionally permissible.

In *BMW of North America, Inc. v. Gore*, 57 U.S. 559 (1996), the High Court set out three guideposts courts must follow in considering the constitutionality of a punitive damages award. The second guidepost being the ratio between the punitive damages and compensatory damages awarded. *Gore*, 57 U.S. at 580. The purpose in considering this ratio is that there must be a "reasonable relationship" between punitive and compensatory damages. *Id.* The Court also recognized that it has "consistently rejected

---

[1] I also agree with the Majority that potential harm caused by a tortfeasor's actions is a permissible consideration in comparing the relationship between a punitive damages award and a compensatory damages award.

the notion that the constitutional line is marked by a simple mathematical formula[,]" *id.* at 582, and again refused to "draw a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable that would fit every case." *Id.* at 583 (quoting *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 18 (1991)).

Then in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), the Court refined the *Gore* guideposts. In discussing the second *Gore* guidepost, the Court again acknowledged it has been "reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award." *State Farm*, 538 U.S. at 424. The Court again declined to "impose a bright-line ratio which a punitive damages award cannot exceed." *Id.* In the absence of such a bright-line ratio, courts must assure that a punitive damages award is reasonable and proportionate to the amount of harm sustained by the plaintiff and to the compensatory damages recovered. *Id.* at 426.

The Supreme Court's continued reluctance to set a rigid benchmark for a permissible punitive-to-compensatory damages ratio allows courts to consider the facts and circumstances of a specific case in considering the constitutionality of a particular punitive damages award. This flexibility should extend to the method by which the ratio itself is calculated. In multiple defendant cases courts have calculated the ratio in one of two ways. The first is the per-defendant approach, which divides the punitive damages assessed against an individual defendant by the compensatory damages awarded against that defendant. *See*, *e.g.*, *Planned Parenthood of Columbia/Williamette Inc., v. Am. Coal. of Life Activists*, 422 F.3d 949 (9th Cir. 2005); *Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848 (Tex. 2017). The second is the per-judgment approach, which divides the punitive damages assessed against all defendants by the compensatory damages assessed against all defendants. *See*, *e.g.*, *Advocat, Inc. v.*

*Sauer*, 111 S.W.3d 346 (Ark. 2003); *Cooley v. Lincoln Elec. Co.*, 776 F.Supp.2d 511 (N.D. Ohio 2011).

Instantly, the Majority adopts the per-defendant approach. It reasons that the per-defendant approach "assesses the individualized impact intended by the punitive damages awards, whereas the per-judgment approach distorts the analysis by obscuring the due process rights of the individual defendants." Maj. Op. at 42. The Majority continues that the per-judgment approach "undoes the jury's determination of an individual's reprehensibility and need for deterrence as reflected in the punitive award." *Id.* This reasoning may be applicable when courts are calculating the ratio solely using a plaintiff's actual damages. However, as the Majority correctly finds, courts are permitted to consider not only a plaintiff's actual damages but also the potential harm caused by a defendant's conduct. *See State Farm*, 538 U.S. at 424 ("[W]e have been reluctant to identify concrete constitutional limits on the ratio between harm, **or potential harm,** to the plaintiff and the punitive damages award." (emphasis added)).

Unlike compensatory damages, the jury does not make a finding of the amount of potential harm caused by the defendants' tortious conduct let alone allocate that potential harm amongst the several defendants. In such circumstances, employing the per-judgment approach and using the combined total of the compensatory damages and potential harm as the denominator and the total amount of punitive damages awarded by the jury as the numerator may be more appropriate because it would give fuller consideration to the reprehensibility of the defendants' conduct. It would also be impossible for the court to accurately appropriate the amount of potential harm attributable to each individual defendant without a specific finding by the jury, making it practically impossible to employ the per-defendant approach when considering potential harm.

The Majority finds that "[c]umulating the punitive verdicts as required under the per-judgment approach obliterates the jury's assessment of each defendant's reprehensibility, and we cannot conceive a reason for doing so where the Defendants are not a single corporate entity." Maj. Op. at 44. As seen from the complications potential harm can have in the employment of the per-defendant approach, there are instances where the per-judgment approach would be more appropriate, and the Court should not be so quick to dismiss the possibility that other instances may arise that are not currently before it. For those reasons, and in light of the fact the Supreme Court has continuously refused to create mechanical rules in considering the constitutionality of the punitive-to-compensatory damages ratio, I would leave open the possibility that approaches other than the per-defendant approach could be permissible.